CLD-289                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2967
_____

JUAN C. RAMOS-RODRIGUEZ,
Appellant

v.

WARDEN, FCI FORT DIX
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-02904)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before: RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2011 )
_____

OPINION
_____

PER CURIAM

      Juan C. Ramos-Rodriguez appeals pro se from an order dismissing his petition

filed under 28 U.S.C. § 2241.  Because no substantial question is presented by this

appeal, we will summarily affirm the order of the District Court.

## I.     Background

As the parties are familiar with the background of this case, we will only summarize those facts relevant to the disposition of this appeal. Ramos-Rodriguez was arrested in Puerto Rico on May 4, 2001, and detained under the laws of the Commonwealth of Puerto Rico on charges for attempted murder, auto theft, and weapons and drug violations. On September 12, 2001, pursuant to a writ of habeas corpus ad prosequendum, Ramos-Rodriguez was temporarily transferred to federal custody to face federal charges. He pleaded guilty to conspiracy to distribute heroin, cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 846. He was sentenced on November 18, 2002, to a term of imprisonment of 120 months.[1]

Ramos-Rodriguez pleaded guilty to two counts each of weapons and drug violations in the Superior Court of Puerto Rico. On February 23, 2003, he was sentenced to a term of imprisonment of seven years, which the Commonwealth Judge indicated was to run concurrently with the federal sentence. Ramos-Rodriguez was returned to the custody of the Commonwealth of Puerto Rico on June 17, 2003. He completed his Puerto Rican sentence on May 2, 2005, and was released to federal custody on May 4, 2005, to begin serving his federal sentence. Upon taking custody of Ramos-Rodriguez, the Federal Bureau of Prisons ("BOP") calculated his federal sentence to commence on May 2, 2005, with a projected release date of January 16, 2014.

---

[1] A Commonwealth sentence had yet to be imposed and thus the Federal District Judge did not state a view on concurrency or consecutiveness.

Through the administrative process, in 2006, Ramos-Rodriguez sought to receive credit to his federal sentence for the time he served in Commonwealth prison through BOP's discretionary authority under 18 U.S.C. § 3621. BOP denied this request, stating that "[u]nder [18 U.S.C.] § 3585(b), the period [of time for which he seeks credit] cannot be awarded to the federal sentence."[2] BOP's responses to his request did not discuss 18 U.S.C. § 3621(b).

In 2008, Ramos-Rodriguez filed a § 2241 petition, arguing that BOP has the discretionary authority to designate, nunc pro tunc, the prison in which he served his Commonwealth sentence as the place of federal confinement, and requested the District Court to compel BOP to consider him for this designation. He also argued that his federal sentence should be credited with time served on his Commonwealth sentence to comport with the Commonwealth Judge's order that his sentences run concurrently. While Ramos-Rodriguez's § 2241 petition was pending, in October 2010, BOP reviewed and denied his request for a nunc pro tunc designation pursuant to the factors under 18 U.S.C. § 3621. The District Court denied his § 2241 petition, noting that BOP considered his request and finding that BOP did not abuse its discretion. Ramos-Rodriguez timely appealed.

---

[2] 18 U.S.C. § 3585(b) provides that

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

## II.    Discussion

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over conclusions of law.  See Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990).  Insofar as BOP reviewed Ramos-Rodriguez's request for nunc pro tunc designation, our review is limited to whether BOP abused its discretion.  Id. at 478.

BOP has the statutory authority under 18 U.S.C. § 3621 to nunc pro tunc designate the place of confinement for a prisoner's federal sentence.  Barden, 921 F.2d at 483.  Thus, BOP can designate the Commonwealth prison as the official facility for service of Ramos-Rodriguez's federal sentence, thereby allowing his Commonwealth and federal sentences to run concurrently.  See id. at 478-79.  We have held that a petitioner is entitled to have his request for a nunc pro tunc designation examined by BOP under § 3621(b).  Id. at 483.  However, BOP has broad discretion in determining this designation.  Id.

When Ramos-Rodriguez filed his § 2241 petition, it appears that BOP violated our holding in Barden by failing to address his request for nunc pro tunc designation.  However, prior to the District Court's disposition of Ramos-Rodriguez's § 2241 petition, BOP reviewed his nunc pro tunc designation request and denied it based on factors under § 3621(b).  Therefore, Ramos-Rodriguez's request to compel BOP to consider him for nunc pro tunc designation is moot.

Upon review of the record, we agree with the District Court that BOP did not abuse its discretion in denying his request for nunc pro tunc designation.  BOP reviewed Ramos-Rodriguez's request under the five factors stated in § 3621(b), and denied the

4

request based on the nature and circumstances of the offense, the history and characteristics of the prisoner, and the silence of the federal district court on whether his sentence was to be concurrent.

In conducting its analysis pursuant to § 3621(b), BOP sent a letter to the Federal District Judge, inquiring about his position on the issue of concurrency. The Federal District Judge did not respond to BOP's inquiry. BOP's interpretation of the Federal District Judge's silence as a factor against concurrency was not unreasonable. Cf. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Ramos-Rodriguez argues that BOP should have granted the nunc pro tunc designation to fulfill the wishes of the Commonwealth Judge. BOP, however, is not bound in any way by the Commonwealth Judge's determination that the state and federal sentences are to run concurrently. Barden, 921 F.2d at 478 n.4 (citing U.S. Const. art. VI, cl. 2).

BOP also noted that Ramos-Rodriguez's role in the conspiracy to distribute heroin, cocaine, cocaine base, and marijuana was that of an "enforcer," that he routinely carried weapons during the course of the conspiracy, and that he was charged with murder. It appears that BOP duly considered Ramos-Rodriguez's nunc pro tunc designation request, weighed the factors, and did not abuse its discretion in exercising its broad discretion under § 3621(b). See Barden, 921 F.2d at 483. The District Court, therefore, properly denied Ramos-Rodriguez's petition under 28 U.S.C. § 2241. Accordingly, we will summarily affirm the District Court's order.